HAMLIN, Justice:
Defendant appeals from his conviction of the crime of simple escape, LSA-R.S.-14:110, and his sentence to serve five years at hard labor in the Louisiana State Penitentiary.
The facts of record disclose that on January 9, 1969, defendant was charged by bill of information with the crime of simple escape from the Orleans Parish Prison on December 22, 1968. On January 24, 1969, counsel was appointed to represent defendant; he was thereafter tried by jury and on August 11, 1969 found guilty as charged. A motion for new trial was filed, submitted, and overruled by the trial court on August 29, 1969.[1] Defendant then announced readiness for sentence, and such was imposed. Counsel made an oral motion of appeal; the motion was granted, and the appeal was made returnable October 29, 1969. The trial court served counsel in open court with the following order:
“The defendant having moved fo'r a suspensive appeal in this case and no formal Bills of Exception having yet been presented to the Court for signature, in accordance with Article 845 of the Louisiana Code of Criminal Procedure, the defendant is hereby granted until October 29, 1969 to submit to the Court for signature, his formal Bills of Excep *595 tion under penalty of abandoning the appeal.
“It is further ordered that the defendant, through counsel, notify the Official Court Reporter, in writing, within five (S) judicial days from date hereof, which portion of the official transcript he desire in order to prepare his formal Bills of Exception.”
The minutes of court, October 30, 1969, recite:
“On hearing to determine status of appeal, Mr. Amedee appeared on behalf of defendant and informed the Court that he at this time had NO formal bills of exceptions prepared. Whereupon the court, in view of Mr. Amedee’s failure to comply with written order of this Court of 8-29-69, Ordered the court reporter to send the record as is to the Louisiana State Supreme Court.” (The record therefore contains no bills of exceptions nor transcript of testimony taken during trial.)
The following is a transcript of the hearing, October 30, 1969, on the status of the appeal:
“BY THE COURT:
“Mr. Amedee, the sole purpose of putting the matter on the docket was to remind all counsel as well as the Court that the record reveals that on August 29, the Motion for a New Trial was submitted and was overruled by the Court. The defendant announced readiness for sentence and was sentenced to serve five (S) years in the Penitentiary. Mr. Amedee, you made an oral Motion for an Appeal and the Court granted your motion, making the return date, returnable October 29, 1969 which was yesterday.
“BY MR. AMEDEE:
“I was here yesterday.
“BY THE COURT:
“And the Court was not here. The Court served Mr. Amedee in open Court with a copy of its Order. Up until now, I have not received the Bills of Exception for my signature in connection with the appeal.
“BY MR. AMEDEE:
“Your Honor, I can’t do this until I get some kind of transcript from the stenographer.
“BY THE COURT:
“Have you complied with the second paragraph of the order which states that it is further ordered that the defendant through counsel, notify the Official Court Reporter in writing, within five (S) judicial days hereof, which portion of the official transcript he desires in order to prepare his formal Bills of Exception ?
“BY MR. AMEDEE:
“Well Your Honor, I have been back and forth here and you were out for a *597 while. I have not written the Court about it but I’ve been around the Court and I just hav’nt been able to make contact with you.
“BY THE COURT:
“With who?
“BY MR. AMEDEE:
“I mean, with the people in the Court. “BY THE COURT:
“Mr. Amedee, that’s an astounding statement.
“BY MR. AMEDEE:
“I did not write; I said that to begin with. I did not write. But I am going forward with the appeal and if I get the transcript of the record, I can perfect the matter.
“BY THE COURT:
“Well, the Code of Criminal Proceedure, as I read it, is highly deficient on the point at issue and it leaves a gap and a hiatus in the law insofar as what trial judges are supposed to do when the statutory delay has elapsed, so I’m going to submit the record as is to the Supreme Court and perhaps that Court will enlighten both of us as to what the proper proceedure is.
“BY MR. AMEDEE:
“Your. Honor, I would like the Court to realize that, in this particular case, I was Court appointed and you know, I was appointed in the major case. I have not had the transcript and I don’t see how I could draw up exceptions without the transcript.
“BY THE COURT:
“Well, that’s true but I don’t see how the Court Reporter could supply you with the pertinent parts unless you requested, in compliance with the order, which portions you wanted. So it may be that the Supreme Court will give us all some guidelines as to what our respective obligations are.
“BY MR. AMEDEE:
“Well, the parts I wanted Your Honor are the exceptions, I mean, for many years the court have given us the exceptions unless there is something that has changed; I don’t know.
“BY THE COURT:
“Alright.’’
The record was timely filed in this Court. It contains the bill of information;the minutes of court; a motion to quash filed in proper person by the defendant with a memorandum and an explanatory letter; the State’s answer.to the motion to quash; (the minutes reflect that the motion was overruled) ; the order of August 29, 1969, supra; the transcript on the hearing of the status of appeal, supra; the motion for a new trial; and the trial judge’s instructions as to possible verdicts to be rendered by the jury.
Despite the fact that he did not comply with the trial court’s order of August 29, *599 1969, counsel for the defendant contends that injustice has been committed, and that his client should not be made to suffer for the alleged failure of the trial court to furnish him matter necessary to complete his appeal. He admits that the present record is inadequate.
We are presented with no bills of exceptions nor with rulings of the trial court prior to trial or during trial. Counsel for the defendant has assigned errors to the rulings, but we are unable to determine their correctness vel non. Under such facts and circumstances and for reasons set forth infra, we find that justice demands a remand.
LSA-R.S. 13:1373 (which pertains to Orleans Parish) provides that each judge of the Criminal District Court for the Parish of Orleans is entitled to a court reporter, and that court reporters shall:
“ * * *
“(3) Prepare, make up and furnish to the clerk of the criminal district court the transcript of the testimony taken in all cases appealed from judgments of the criminal district court to the judges of this court sitting as a court of appeals, and to the supreme court, as may be required by the clerk of the appropriate appellate court. The clerk of the criminal district court shall prepare, make up, and furnish the transcripts of appeals to the supreme court.
“(4) Report the proceedings in the trial of all capital cases, and in felony cases where the punishment may be imprisonment at hard labor for term exceeding five years, but only when a written request is made therefor by the attorney' for the defense or the district attorney.
“(6) Report the evidence objected to in cases not otherwise required to be reported, whenever an objection shall be made and a bill of exceptions reserved, and to transcribe it in case of appeal.
“(7) In all cases of appeal to the supreme court, furnish to the clerk of the criminal district court three certified copies of the testimony taken and of the bills of exception to which the testimony shall have been annexed.”
In State v. Paternostro, 224 La. 87, 68 So.2d 767, 769 (1953), this Court after discussing and quoting LSA-R.S. 13:1373, supra, held: “When the proceedings are reported and an appeal taken to this court, the statute makes it incumbent upon the stenoggrapher to transcribe the testimony and deliver three certified copies of it to the clerk of the Criminal District Court. And the district judge has no alternative but to order his reporter to comply with the law.”
Herein, the proceedings were reported. It was therefore incumbent upon the trial judge to order that the testimony taken during the trial of this prosecution be transcribed as required by law. It was *601 then incumbent upon him to see that -his court reporter deliver same to the Clerk of the Criminal District Court as required by law. It follows that defense counsel was then to be furnished the transcript of the testimony or those portions thereof necessary for the perfection of his bills of exceptions.
For the reasons assigned, this matter is remanded to the Criminal District Court for the Parish of Orleans, Section “F,” for the purpose of having transcribed the testimony reported during the trial of State of Louisiana v. Frank Johnson, Number 207-489 of the docket of said court; said testimony to be delivered to the Clerk of the Criminal District Court so that defense counsel may be furnished those portions of the transcribed testimony necessary for him to perfect this appeal.

. The motion for a new trial recites in part:
“I.
“That his conviction is contrary to the law and the evidence.
“II.
“The Bills of Exceptions reserved during the proceedings show prejudicial error to the mover. (Said Bills are attached hereto and made a part hereof.)
“III.
“That the ends of justice would best be served by the granting of a new trial although your mover may not be entitled to a new trial as a matter of strict legal right.”