361 So.2d 226 (1978)
STATE of Louisiana
v.
Wilbert PARKER.
No. 60581.
Supreme Court of Louisiana.
June 19, 1978.
Order On Motion For Withdrawal of Appeal July 7, 1978.
*227 Anthony R. Frey, III, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Defendant Wilbert Parker was charged with the second-degree murder of Jeffery Ellis. After trial by jury on December 4, 1974 the jury returned a nine-to-three verdict of guilty as charged. He was sentenced to life imprisonment. A previous trial on this same charge resulted in a mistrial because the jury was unable to reach a verdict.
On appeal from the verdict and sentence, the defense assigns four errors. Assignment 2 asserts that a denial of due process and a fair trial resulted when the prosecutor withheld evidence favorable to defendant's plea of self-defense.
To support this contention defendant refers to his motion for a new trial based upon an alleged violation of the principles set forth in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The motion set forth that the State withheld information that the victim had previously been arrested two times, once on a charge of aggravated battery. Evidence that the victim had been charged with aggravated battery would have supported the self-defense plea of defendant, he claims, by tending to prove that the victim was the aggressor in the encounter which resulted in his death.
Therefore, the defense asserts that when the prosecutor implied or stated in his closing and rebuttal argument to the jury that the victim had never been arrested for violent activities, undue prejudice resulted to the defendant.
Because the record did not contain a transcription of the closing argument of the prosecutor, this Court ordered the record supplemented with a transcript of all closing arguments. The trial court was unable to furnish the transcriptions ordered because the notes of the court reporter were destroyed. The court reporter was also incapable of preparing a transcript from the recorder because the tape was barely audible.
When there is no record of the facts relied upon to support a defense assignment of error, this Court cannot afford a meaningful appeal. It is necessary under these circumstances to retry the case and preserve a record which will permit a meaningful appeal.
For the reasons assigned, the conviction and sentence are set aside and the case is remanded to the trial court for a new trial.
SANDERS, C. J., dissents.

ORDER ON MOTION FOR WITHDRAWAL OF APPEAL

MOTION
Now into Court through undersigned counsel comes defendant, Wilbert Parker. The defendant prays that his appeal taken in the matter of the State of Louisiana v. Wilbert Parker be withdrawn for the following reason.

I.
Defendant has determined that it would be contrary to his best interest to proceed with the appeal.

ORDER
Considering the foregoing motion, it is ordered that the appeal of defendant Wilbert Parker be and the same is withdrawn and dismissed.