751 So.2d 214 (1999)
STATE of Louisiana
v.
Derek LANDRY.
No. 97-KA-0499.
Supreme Court of Louisiana.
June 29, 1999.
Clive Adrian Stafford Smith, New Orleans, for applicant.
Hon. Richard P. Ieyoub, Attorney General, Hon. Harry F. Connick, District Attorney, Valentin Michael Solino, John Jerry Glas, New Orleans, for respondent.
KNOLL, J.[*]
An Orleans Parish jury found defendant, Derek Landry, guilty of the first-degree murder of Lloyd Gonzales, Jr. The trial of the guilt phase consisted of a day and a half of voir dire and a one-day trial. After a one-day penalty phase hearing, the jury sentenced defendant to death, finding three aggravating circumstances. Although defendant perfected thirty-four assignments of error, we reverse defendant's conviction on the threshold assignment of error, finding the appellate record so deficient that we cannot properly review this case for error.[1]
As a preface to this issue, we note that the record before us references loud construction noise which hindered recordation of the trial proceedings. It is likewise inferred that the court reporter experienced problems with the audio recording equipment which caused skips in the recordation of the trial proceedings. With that as a background, the defendant urges us to reverse this conviction because the record is so wanting that we cannot perform our function as a reviewing court under the mandate of La. Const.Art. V, § 5(D). Defendant maintains, and our review confirms, that the record is lacking in the following particulars: (1) on myriad occasions *215 the record fails to identify the juror who is speaking; (2) jurors' responses repeatedly are not transcribed and are labeled "(INAUDIBLE)"; (3) peremptory strikes and challenges for cause made at bench conferences were not recorded; (4) the record fails to contain a transcript of the preliminary hearing; (5) the transcript reflects different versions of defendant's criminal history presented during the penalty phase; (6) the victim impact statement of the victim's mother is referenced as not included as part of the record, while in another section, which appears out of order, a transcript of at least part of the testimony is found; (7) different versions of the victim impact statement of the victim's father appear in the record;[2] (8) references to other unrecorded bench conferences are contained in the record; and (9) it appears that various speakers during the trial are misidentified for the record.
In Louisiana, a defendant convicted of a capital offense in which a penalty of death has actually been imposed has a constitutional right to an appeal to the supreme court. La. Const.Art. V, § 5(D)(2). Complementary to that right is the constitutional right to judicial review based on a complete record of the proceedings. La. Const.Art. I, § 19. In furtherance of those constitutional rights, La.Code Crim.P. art. 843 provides:
In felony cases, and on motion of the court, the state, or the defendant in misdemeanor cases tried in a district, parish, or city court, the clerk or court stenographer shall record all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections.
We have reversed convictions when material portions of the transcript were either incomplete or unavailable. In State v. Ford, 338 So.2d 107, 110 (La.1976), a second-degree murder conviction in which appellate counsel did not serve as trial counsel and the court reporter failed to record the testimony of four state witnesses, voir dire, and the State's opening statement, we held: "Without a complete record from which a transcript for appeal may be prepared, a defendant's right of appellate review is rendered meaningless." Similarly, in State v. Jones, 351 So.2d 1194 (La.1977), we held that the omission of a portion of the hearing on a motion for change of venue was not an "inconsequential omission" and required reversal because it was impossible to assess the existence of community prejudice or to ascertain whether the evidence supported the defendant's contention that the motion was improvidently denied. Again, in State v. Parker, 361 So.2d 226 (La.1978), reversal was required when the transcript of the closing argument could not be prepared and defendant assigned as error the State's closing argument. Likewise, in State v. Rooney, 187 La. 256, 174 So. 348 (1937), we reversed defendant's conviction and sentence, finding that the transcript relative to defendant's bill of exceptions was so defective that it made presentation of an appeal impossible.
In the present case, as in Ford, we are faced with an appellate counsel who did not serve as trial counsel. A criminal defendant has a right to a complete transcript of the trial proceedings, particularly where counsel on appeal was not counsel at trial. U.S. v. Atilus, 425 F.2d 816 (5 Cir.1970) citing Hardy v. U.S., 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964). "[W]here a defendant's attorney is unable, through no fault of his own, to review a substantial portion of the trial record for errors so that he may properly perform his duty as appellate counsel, the interests of justice require that a defendant be afforded *216 a new, fully recorded trial." State v. Ford, 338 So.2d at 110.
From the outset, we are faced with assignments of error relative to voir dire examination that we cannot resolve on the present record.[3] Although the State asserts there are no defense objections recorded during jury selection, appellate counsel adroitly points to numerous defense counsel remarks which were transcribed as, "I [INAUDIBLE]." Furthermore, the record is replete with "(INAUDIBLE)" responses during critical portions of voir dire which make it impossible to ascertain why certain jurors were excluded. To worsen matters, not only are questions shown as inaudible, but the record indicates that the inaudible responses were made by unidentified jurors. In addition, there are numerous instances where we cannot determine what occurred when jurors were excused because of their views on the death penalty. When we consider that there were approximately forty jurors excluded for cause, there is almost nothing to justify the various exclusions because of the incomplete record. Clearly, on the deficient record before us, we cannot assure that no erroneous excuses for cause were made.
As held in State v. Bizette, 334 So.2d 392 (La.1976), it is not the defendant's obligation to insure an adequate record. To the contrary, it is the duty of the court to "require that criminal proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done." La.Code Crim.P. art. 17. Accordingly, it is recognized that the trial judge is duty-bound to see that the court reporter makes a true, complete and accurate record of the trial. See State v. Johnson, 256 La. 592, 237 So.2d 389 (1970); AMERICAN BAR ASSOCIATION, STANDARDS RELATING TO THE FUNCTION OF THE TRIAL JUDGE, § 2.5 (1972). As a corollary, La.R.S. 13:961(C) provides that in criminal cases tried in the judicial districts, the court reporter shall record all portions of the proceedings required by law and shall transcribe those portions of the proceedings required. Considering these mandates, it is clear to us that the combination of excessive construction noise and the absence of adequate safeguards for the recordation of the trial proceedings deprived the defendant of his constitutionally guaranteed right of appeal and judicial review. Accordingly, we reverse defendant's conviction and sentence and remand this matter to the trial court for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
CALOGERO, C.J., concurs and assigns reasons.
CALOGERO, C.J. concurring.
I agree entirely with the majority opinion in this case but concur in order to give my views on an issue not addressed by the majority so that upon retrial the same error in the sentencing phase of the trial is not repeated. This involves the trial court's instruction to the jury on the governor's power to commute death sentences.
Louisiana Code of Criminal Procedure article 905.2(B), which authorizes a jury instruction on the governor's power to commute both a life and death sentence, did not become effective until December, 1995, following the amendment of Article I, Section 16 (the right to a fair trial) of the Constitution of Louisiana. Before that time, this Court's decision in State v. Jones, 94-0459 (La.7/5/94), 639 So.2d 1144, prohibited such instruction. The murder in this case occurred on September 1, 1994, and the case went to trial on April 11, 1995, almost eight months before the *217 constitutional amendment became effective.
In State v. Cousan, 94-2503 (La.11/25/96), 684 So.2d 382, this Court held that Louisiana constitutional amendments are deemed prospective only, unless a contrary intention is clearly expressed in the amendment. In Cousan, we noted that neither the express language of the 1995 amendment of Article I, Section 16 nor the official ballot used in the election to pass the amendment gave any indication of an intent to resurrect or validate retroactively 1993 La.Acts 436. We therefore held that application of the constitutional amendment and its accompanying statutory (re)enactment of article 905.2(B) in 1995 and La.Acts 1322 were prospective only, and as such, we vacated Cousan's sentence and remanded to the trial court for a new sentencing hearing.
Similarly, in the instant case, the trial court gave the jury an instruction which was invalid at the time under this Court's rule in Jones, supra. I therefore believe that the court erred in instructing the jury on this issue and assume the same error will not be repeated upon retrial.
NOTES
[*] Kimball, J., not on panel. Rule IV, Part 2, § 3.
[1] We pretermit discussion of defendant's other assignments of error.
[2] It appears that the original court reporter prepared this statement with the benefit of stenographic notes. In a supplemental record, another version of this statement appears. This latter version was prepared by a different court reporter, who, it appears, did not have the original stenographic notes available.
[3] The court minutes reflect that defendant exhausted all of his peremptory challenges and one alternate strike.