PER CURIAM.
Jimmie Emerson has filed a motion to remand the appeal of his conviction and sentence for second degree murder. He asks that the case be remanded for a new trial or, alternatively, be remanded for the district court to determine the sufficiency of the appellate record.
Defendant’s appellate counsel was not the attorney who represented defendant at trial. Counsel has called to the attention of this court numerous errors and omissions in the voir dire and trial transcripts. The court reporter frequently typed the word “inaudible.” There are instances in which the transcript appears to have testimony missing, and there are instances in which testimony is obviously repeated. Although court minutes show defendant objected during voir dire to the state’s use of peremptory challenges based *617 on Batson, and the court issued several rulings on the issue and on other objections raised by the defense, the voir dire transcript does not contain the Batson challenges, the arguments advanced in support of the challenges, the other objections raised during voir dire, and the judge’s rulings on the Batson challenges and on the other objections. Additionally, the transcript filed by the court reporter herein fails to identify individual jurors by name. As a result, it is not always possible to determine which juror made a particular response.
The Louisiana Constitution guarantees that no person shall be subjected to imprisonment without the right of judicial review “based upon a complete record of all evidence upon which the judgment is based.” La. Const, art. I, § 19. In felony cases, the court reporter is required to record “all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel.” La.Code Crim. P. art. 843.
 A criminal defendant has a right to a complete transcript of the trial proceedings, particularly where counsel on appeal was not counsel at trial. State v. Landry, 97-0499, p. 3 (La.6/29/99), 751 So.2d 214, 215. Without a complete record from which a transcript for appeal may be prepared, a defendant’s right of appellate preview is rendered meaningless. A “slight inaccuracy in a record or an inconsequential omission from it which is immaterial to a proper determination of the appeal” does not result in reversal of the conviction. But where a defendant’s attorney is unable, through no fault of his own, to review a substantial portion of the trial record for errors so that he may properly perform his duty as appellate counsel, the interests of justice require that the defendant be afforded a new, fully-recorded trial. State v. Ford, 338 So.2d 107, 110 (La.1976). See also State v. Brumfield, 96-2667, p. 9 (La.10/20/98), 737 So.2d 660, cert. denied, 526 U.S. 1025, 119 S.Ct. 1267, 143 L.Ed.2d 362 (1999).
In State v. Landry, the Louisiana Supreme Court recently reversed a first degree murder case in which the death penalty was imposed and remanded for a new trial because of deficiencies in the appellate record. In Landry, recordation of the trial proceedings was hindered by construction noise and problems with the audio recording equipment. Some of the problems found in the Landry record are present in the instant case: the record did not identify the juror who was speaking, some of the jurors’ responses were labeled “inaudible,” and peremptory strikes and challenges for cause (made at bench conferences in Landry but apparently made in open court in the instant case) were not recorded.
The errors and omissions in the voir dire and trial transcripts in the instant case appear to be the result of the court reporter’s failure to properly prepare, review, and proof the transcripts. Although it does not appear the problems with the transcript are the result of any actions taken by the trial judge, it is the trial judge’s duty to see that the court reporter makes a true, complete and accurate record of the trial. It is not the defendant’s obligation to insure an adequate record. State v. Landry, 97-0499 at p. 3, 751 So.2d at 216.
Accordingly, the motion to remand is granted and this case is remanded to the district court. The district court is ordered to listen to the audiotapes from which the record transcripts were made to determine the sufficiency of the record and, if necessary, to conduct a hearing with trial and appellate counsel for both the defense and the state present, for the purpose of attempting to reconstruct any |4inadequate portions of the record. If the district court is able to resolve the record problems at issue, it shall cause the record to be corrected and lodged anew with this *618 court within 90 days of the date of this order. If the district court determines the inadequacies of the record require a new trial, it shall so order and notify this court of the new trial setting within 90 days of the date of this order.