844 So.2d 847 (2002)
STATE of Louisiana
v.
Tory BOATNER.
No. 2001-KA-1659.
Court of Appeal of Louisiana, Fourth Circuit.
August 14, 2002.
*848 Harry F. Connick, District Attorney, Val M. Solino, Assistant District Attorney, Julie C. Tizzard, Assistant District Attorney, New Orleans, LA, for the State.
Bruce G. Whittaker, New Orleans, LA, for the Defendant.
(Court composed of Chief Judge WILLIAM H. BYRNES, III, Judge CHARLES R. JONES, and Judge PATRICIA RIVET MURRAY).

*849 (ON APPLICATION FOR REHEARING)
Chief Judge WILLIAM H. BYRNES, III.
On July 19, 2002, this court granted the State of Louisiana's motion to supplement the record with the additional August 4, 1999 transcript of the jury charges. We grant the State's motion for rehearing based on the supplemental transcript.
This court noted in its original appellate opinion, p. 6, fn 1, that:
The transcript jumps inexplicably from where the court is delivering the general portions of the jury charge to the verdict. There is no indication that the jury left to deliberate which seems inconsistent with the rest of the transcript where all other breaks in the proceedings are indicated in the transcript.
The above remarks show that the original transcript of the jury charges appeared to be incomplete because a portion was omitted and was not due to the trial court having failed to provide the charges on the definition of the crime and/or responsive verdicts. This conclusion is supported by the fact that the jury verdict shows that the responsive verdicts are named. Considering that the recently appointed staff of Orleans Criminal Court Division "C" located the tapes of the instructions presented to the jury, and considering that the original court reporter certified the additional transcript, the supplemental transcript of the jury charges is deemed to be correct.

Jury Instructions
The defendant's original complaint that the jury charges were inadequate is reviewed with respect to the additional transcript of the jury instructions. The supplemental transcript shows that the trial court judge gave jury instructions that provided in part:
The defendant is charged with second-degree murder of Percy Brown. Second-degree murder is a killing of a human being when the offender has a specific intent to kill or inflict great bodily harm. Now, in this case, there are three possible verdicts: guilty of second degree murder, guilty of manslaughter, and not guilty. Those are responsive verdicts to the charge of second-degree murder, manslaughter, and not guilty. Three possible verdicts.
I'm going to define first, second-degree murder. The killing of a human being, the offender had the specific intent to kill or inflict great bodily harm. Thus, in order to convict the defendant of second-degree murder, you must find that the defendant killed Percy Brown, and that the defendant acted with a specific intent to kill or inflict great bodily harm.
Responsive verdict, manslaughter. Manslaughter is the killing of a human being when the defendant has a specific intent to kill or inflict great bodily harm, but the killing is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control or cool reflection. Thus, in order to convict the defendant of manslaughter, you must find that the defendant killed Perry Brown and that the defendant had the specific intent to kill or inflict great bodily harm and that the killing was committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection.
And the third possible responsive verdict is that of not guilty.
They have been listed on the verdict sheet for you....
*850 The jury charges also included other instructions such as explanations of criminal intent, specific criminal intent, and general criminal intent. The jury was provided with the proper jury instructions by the trial court, and the defendant was not prejudiced in this regard.

Appellate Record
The defendant also contends that the appellate record is so incomplete as to deprive him of his constitutional right of appeal.
La. Const. Art. I, § 19 provides that "[n]o person shall be subjected to imprisonment ... without the right of judicial review based upon a complete record of all evidence upon which the judgment is based...." La.C.Cr.P. art. 843 requires, in all felony cases, the recording of "all the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements and arguments of counsel." As a corollary, La. R.S. 13:961(C) provides that, in criminal cases tried in the district courts, the court reporter shall record all portions of the proceedings required by law and shall transcribe those portions of the proceedings required. A criminal defendant has a right to a complete transcript of his trial proceedings, particularly where appellate counsel on appeal was not also trial counsel. State v. Landry, 97-0499, p. 3 (La.6/29/99), 751 So.2d 214, 215. "[W]here a defendant's attorney is unable, through no fault of his own, to review a substantial portion of the trial record for errors so that he may properly perform his duty as appellate counsel, the interests of justice require that a defendant be afforded a new, fully recorded trial." Id.
However, this court has held that under some circumstances a complete appellate review of a conviction and sentence can be accomplished, even when there are missing portions of the trial record. See, e.g., State v. Cooley, 98-0576, p. 9 (La.App. 4 Cir. 12/2/99), 747 So.2d 1182, 1187, writ denied, XXXX-XXXX (La.12/15/2000), 777 So.2d 475.
A "slight inaccuracy in a record or an inconsequential omission from it which is immaterial to a proper determination of the appeal would not cause" a reversal of the defendant's conviction. State v. Allen, 95-1754, p. 11 (La.9/5/96), 682 So.2d 713, 722. An incomplete record may nonetheless be adequate for appellate review. State v. Hawkins, 96-0766, p. 8 (La. 1/14/97), 688 So.2d 473, 480. A defendant is not entitled to relief absent a showing of prejudice based on the missing portions of the transcripts. Id.; State v. Castleberry, 98-1388, p. 29 (La.4/13/99), 758 So.2d 749, 773, certiorari denied sub nom. Castleberry v. Louisiana, 528 U.S. 893, 120 S.Ct. 220, 145 L.Ed.2d 185 (1999).
In the present case, the four pretrial hearings concerned suppression motions and the viewing of the State's witnesses' videotaped statements for exculpatory evidence. The record indicates that the trial court reviewed the videotaped statements and found no exculpatory evidence. The minute entries from the suppression hearings reveal that the witnesses who testified at the suppression hearings also testified at trial. The defendant has not raised as issues on appeal the denial of his suppression motions or the trial court's ruling on the lack of exculpatory evidence in the witnesses' videotaped statements. The defendant has not shown prejudice based upon the pretrial transcripts.
Further, the portions of the trial transcript which are described as inaudible *851 do not preclude a complete appellate review. The majority of the "inaudible" designations occurred during the State's closing arguments. Several "inaudible" designations were during the examination and cross-examination of the witnesses but these designations did not prevent a complete review of evidence presented by the State and the defendant. The "inaudible" designations during the examination and cross-examination of witnesses occurred when the witnesses were repeatedly asked for the same information. For example, during the cross-examination of Roxanne Robinson, defense counsel asked:
Q. In your videotape statement, did you make the statement that Chris was saying, "Give me the gun, give me the gun." I was saying, "Tonette, let's go, let's go?"
A. No, I didn't.
Q. You didn't make that statement?
A. I said, "Tonette, let's go," after the shooting took place.
Q. You didn't say it at the time in (inaudible)?
A. No, I did not.
The defendant has not been prejudiced by the "inaudible" portions of the trial transcript, and the defendant was not deprived of a fair trial.
Accordingly, this court's original opinion that vacated the defendant's original conviction and sentence is rescinded. The defendant's conviction and sentence are affirmed.
MOTION FOR REHEARING GRANTED; ORIGINAL APPELLATE OPINION RESCINDED; CONVICTION AND SENTENCE AFFIRMED.
JONES, J., concurs with reasons.
JONES, J., concurs with reasons
While I concur that Tory Boatner's conviction and sentence should be affirmed, I write further to emphasize one point. Much has been made of this district judge and her competence as a trial judge. The missing transcripts clearly indicate that Judge Sharon Hunter did her job in a competent manner, thus insuring Boatner and the State received a fair trial.