ON APPLICATION FOR REHEARING
1CHARLES R. JONES, Judge.
The Defendant/Appellant, Tory Boat-ner, appealed his conviction for second degree murder and his sentence to life imprisonment at hard labor without benefits. In a written opinion by this Court dated June 26, 2002, we vacated the conviction and sentence of Boatner and remanded the case for a new trial. The State of Louisiana saw to resolve the inadequate transcript by filing with this Court its Application for Rehearing and for additional transcript of the jury instructions. We granted the State’s Application for Rehearing and again vacate Boatner’s conviction and sentence, and remand for a new trial.[1]
Jury Instructions
Boatner’s original complaint on appeal was that the jury charges were inadequate. He further argues that with respect to the additional transcript of the jury instruction, the supplemental transcript indicates that the district court gave jury instructions, which provided in part:
*853 The defendant is charged -with second-degree murder of Percy Brown. Second-degree murder is a killing of a human being when the offender has a specific intent to kill or inflict great bodily harm. Now, in this case, there are three possible verdicts to the charge of second-degree murder, manslaughter, and not guilty. Three possible verdicts.
| gI’m going to define first, second-degree murder. The killing of a human being, the offender had the specific intent to kill or inflict great bodily harm. Thus, in order to convict the defendant of second-degree murder, you must find that the defendant acted with a specific intent to kill or inflict great bodily harm.
Responsive verdict, manslaughter, Manslaughter is the killing of a human being when the defendant has a specific intent to kill or inflict great bodily harm, but the killing is committed in sudden passion or heat of blood immediately caused by the provocation sufficient to deprive an average person of his self-control or cool reflection. Thus, in order to convict the defendant of Manslaughter, you must find that the defendant killed Percy Brown and that the defendant had the specific intent to Mil or inflict great bodily harm and that the killing was committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection.
And the third possible responsive verdict is that if not guilty.
They have listed on the verdict sheet for you ...
The jury charges also included other instructions such as explanations of criminal intent, specific intent, and general criminal intent. The jury was provided with the proper jury instructions by the district court, and Boatner was not prejudiced in this regard.
Appellate Record
Boatner also contends that the appellate record is so incomplete as to deprive him of his constitutional right to an appeal. We agree.
La. Const. Art I § 19 provides that “[n]o person shall be subjected to imprisonment ... Without the right of judicial review based upon a complete record of all evidence upon which the judgment in based ...” La.C.Cr.P. art 843 requires, in all felony cases, the recording of “all the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and |3charges by the court, and objections, questions, statements and arguments of counsel.” As a corollary, La. R.S. 13:961(C) provides that, in criminal cases tried in the district courts, the court reporter shall record all portions of the proceedings required by law and shall transcribe those portions of his trial proceedings, particularly where appellate counsel on appeal was not also trial counsel. State v. Landry, 97-0499, p. 3 (La.6/29/99), 751 So.2d 214, 215. [W]here a defendant’s attorney is unable, through no fault of his own, to review a substantial portion of the trial record for errors so that he many properly perform his duty as appellate counsel, interest of justice require that a defendant be afforded a new, fully recorded trial. Id.
In the instant case, the omissions are material. The transcript of the evidentia-ry portion of the trial is riddled with inaudibles. The missing word (or words) cannot be inferred from reading them in context. The re-direct examination by the State of its own witness, Tonette Johnson, was transcribed as follows:
Q. (Inaudible) Can you identify State’s Exhibit 10?
*854 A. (Inaudible) 10
Q. (Inaudible)
A. Yes.
Q. (Inaudible) State’s Exhibit 11”
A. (Inaudible)
Q. (Inaudible) exhibit?
A. Yes.
Q. I’ll show state’s 12. Do you recognize (Inaudible)
A. Yes, victim (Inaudible)
UQ. This is the State’s Exhibit (Inaudible). Do you also recognize thisline-up?
A. (Inaudible)
Q. (Inaudible)
A. (Inaudible)
Q. (Inaudible)
Further, throughout the trial testimony taken of Boatner, numerous portions are inaudible. Even the State’s closing argument is unable to be transcribed:
... They witnessed a fight between a friend of their [sic] and the trouble maker. (Inaudible) was also there.
And she also became involved in the fight because this was her froend, Keisha. As a result of the fight both parties (Inaudible). But the police was called probably (Inaudible) as the fight (Inaudible) as the fight was going (Inaudible). Once outside, Christine Boatner wanted to fight more. She continues to harass Keisha. (Inaudible) and try to engage in more fight [sic].
A review of the record reveals that the defendant was prejudiced by the amount of dialogue from the trial that was unable to be transcribed. Although this court found in State v. Cooley, 98-0576, p. 9 (La.App. 4 Cir. 11/17/99), 747 So.2d 1182, 1187, writ denied, 2000-0225 (La.12/15/2000), 777 So.2d 475, that under some circumstances a complete appellate review of a conviction and sentence can be accomplished, even when there are missing portions of the trial record, that is not the case in the instant matter. We are of the opinion that the omissions are substantial as a whole and that no specific section of the transcript holds any more weight than another when the entire transcript is filled with portions that the court reporter was unable to hear. For that reason, we follow our reasoning in State v. Bright, 2000-1255, p. 8 (La.App. 4 Cir. 2/6/02), 809 So.2d 1112, 1117, finding that the accumulative effect of the omissions renders the record inadequate.
Decree
For the reasons stated herein, we grant the State’s Application for Rehearing and again vacate the conviction and sentence of Tory Boatner, and remand for a new trial.

APPLICATION FOR REHEARING GRANTED; CONVICTION AND SENTENCE VACATED; REMANDED.

BYRNES, C.J., dissents with reasons.

. The facts of this case are found in the above noted published opinion.