JOHNSON, J.,
 

 would grant defendant’s writ application and assigns, reasons.
 

 FACTS:
 

 | defendant, Bobby Higginbotham, a former mayor of the Town of Waterproof, was charged by a grand jury with a 44-count indictment on February 12, 2009. The indictment was amended, dropping 42 of the counts. One count of public contract fraud, (violation of LSA-R.S. 14:140), was added to the remaining two charges of malfeasance in office
 
 [1]
 
 and a violation of LSA-R.S.14:67.
 
 [2]
 
 The state filed a motion to disqualify Mr. Higginbotham’s retained counsel (who was the town attorney), based on a conflict of interest, which was granted on July 9, 2009 by the trial judge. The Court Appeal affirmed the trial court’s ruling finding that representation of both the victim of the alleged offenses and the accused of those offenses presented an | impermissible conflict of interest under
 
 *622
 
 Louisiana Rule of Professional Conduct 1.7
 
 [3]
 

 Trial was set for October 26, 2009; however, the matter was continued several times at Mr. Higginbotham’s request. Ultimately, the trial date was re-fixed for March 29, 2010, and a status conference was held to determine the identity of Mr. Higginbotham’s counsel. Mr. Higginbotham invoked his 5th Amendment right to remain silent as to the identity of his counsel, and the matter proceeded to trial as scheduled, despite Mr. Higginbotham’s request for a stay. Mr. Higginbotham went to trial representing himself. The state rested its case two days later. The next day, the Court of Appeal granted Mr. Higginbotham a 30-day continuance and stayed the proceedings. When the trial resumed for the presentation of Mr. Higginbotham’s case, Mr. Higginbotham was represented by counsel.
 

 During the presentation of its case, the state presented evidence in support of the public contract fraud charge against Mr. Higginbotham, which included the |stestimony of two witnesses, Ted Higginbotham, (Mr. Higginbotham’s brother), and Dr. Glenda Richardson, (Mr. Higginbotham’s business partner), and introduced at least 11 documentary exhibits, to support its allegations that Mr. Higginbotham illegally used his power as mayor to enrich himself by $56,582.57. Neither of these two witnesses’ testimony was recorded. Ultimately, the trial judge issued a partial mistrial as to the public contract fraud charge since the testimony of the two witnesses had not been recorded by the court reporter. Mr. Higginbotham made writ application to the Court of Appeal which ruled that a partial mistrial was an appropriate remedy. The exhibits pertaining to the public contract fraud charge were removed from the record, and the jury was admonished to disregard the testimony and the exhibits.
 

 Mr. Higginbotham argues that the information presented relative to the public contract fraud charge constituted inadmissible “other crimes, wrongs, acts” evidence in violation of LSA-C.E. art. 404(B).
 
 [4]
 
 
 *623
 
 The erroneous admission of other crimes evidence is subject to harmless error review on appeal.
 
 See State v. Johnson,
 
 94-1379 (La.11/27/95), 664 So.2d 94, 99-100. Harmless error exists where the guilty verdict actually rendered was “surely unattributable” to the error.
 
 Id.
 
 at 100,
 
 quoting Sullivan v. Louisiana,
 
 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). Due to the lack of a transcript, Mr. Higginbotham argues that there is simply no way for the appellate courts to conduct a harmless error analysis or to determine if the guilty verdict was surely unattributable to the error; therefore, his constitutional right to appellate review |4has been fatally impaired.
 

 Following a jury trial, Mr. Higginbotham was convicted on the charge of malfeasance in office (a violation of LSA-R.S. 14:134) and of a violation of LSA-R.S. 14:67. On May 19, 2010, Mr. Higginbotham was remanded to jail without bond where he remains incarcerated.
 
 [5]
 
 The sentencing phase of his trial was continued twice during which time Mr. Higginbotham filed a motion for new trial based on allegations of constitutional and statutory errors from the arraignment through jury deliberations and to establish that significant portions of the trial, including the testimony of the two previously identified witnesses, was not recorded by the court reporter.
 

 Mr. Higginbotham’s trial was riddled with errors and irregularities, and although each is not addressed herein, the combination these errors, in particular, the missing record of testimony presented to the jury by two of the State’s witnesses relative to the public contract fraud charge, cannot be cured by admonishing the jury. A bell once rung cannot be unrung. This error warrants granting a new trial.
 

 In
 
 State v. Harris,
 
 01-1910 (La.App. 4 Cir. 4/24/02) 817 So.2d 1164, following jury trial, defendant was convicted in the Criminal District Court, Orleans | ¡¡Parish, No. 413-972, of unauthorized use of a movable having value of $500 or more. The court held defendant was denied the right of appellate review, when the transcript of trial testimony was not part of his record (the court reporter could not locate transcripts of trial and tapes of the proceedings could not be reproduced). LSA-Const. Art. 1, § 19; LSA-C.Cr.P. art. 843. Similarly, in
 
 State v. Clark,
 
 2000-0348 (La.App. 4 Cir. 12/13/00) 776 So.2d 1249, a Defendant was convicted in the
 
 *624
 
 Criminal District Court, Orleans Parish, No. 378-494, of second degree murder, and he appealed. The Court of Appeal held that the missing transcript of the first day of a two-day trial rendered the record so incomplete as to warrant that conviction be vacated and the case remanded for a new trial. The defendant in
 
 State v. Bright,
 
 809 So.2d 1112, 2000-1255 (La.App. 4 Cir. 2/6/02), also obtained a new trial because of omissions in the transcript of defendant’s first degree murder trial. In
 
 Bright,
 
 the transcript did not contain the defendant’s testimony on direct examination, the testimony from a criminalist, a witness, and the victim’s maternal grandmother. The
 
 Bright
 
 court concluded:
 

 [W]e must reverse because it could not be determined what was in the missing excerpts. We cannot determine whether the missing evidence was not crucial to the defense or could be gleaned from other sources. This court cannot review whether the defense conducted a thorough cross-examination of the “missing” witnesses. We cannot conclude on the record before us that the defense was unable to establish internal inconsistencies in their stories, or aspects of their stories that were inconsistent with the testimony of the other witnesses.
 

 As in the
 
 Bright
 
 case, the case at bar involves a trial wherein the entire testimony of at least two witnesses was not recorded. A reviewing court, likewise, is unable to determine what transpired during that period of Mr. Higginbotham’s trial. Thus, we are unable to conclude that the defendant was not prejudiced thereby.
 

 A criminal defendant has a right to a complete transcript of the trial [¿proceedings, particularly where counsel on appeal was not counsel at trial.
 
 U.S. v. Atilus,
 
 425 F.2d 816 (5 Cir.1970),
 
 citing Hardy v. U.S.,
 
 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964). The trial judge is duty-bound to see that the court reporter makes a true, complete, and accurate record of the trial.
 
 State v. Landry,
 
 97-0499 (La.6/29/99), 751 So.2d 214, 216. “[WJhere a defendant’s attorney is unable, through no fault of his own, to review a substantial portion of the trial record for errors so that he may properly perform his duty as appellate counsel, the interests of justice require that a defendant be afforded a new, fully recorded trial.”
 
 Landry,
 
 751 So.2d at 215,
 
 quoting State v. Ford,
 
 338 So.2d 107, 110 (La.1976).
 

 [1]
 

 . LSA-R.S. 14:134.C. (1): Whoever commits the crime of malfeasance in office shall be imprisoned for not more than five years with or without hard labor or shall be fined not more than five thousand dollars, or both.
 

 [2]
 

 . LSA-R.S. 14:67 B(l)(2): Whoever commits the crime of theft when the misappropriation or taking amounts to a value of one thousand five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both. When the misappropriation or taking amounts to a value of five hundred dollars or more, but less than a value of one thousand five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than five years, or may be fined not more than two thousand dollars, or both.
 

 [3]
 

 . Rule 1.7 provides:
 

 (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
 

 (1) the representation of one client will be directly adverse to another client; or
 

 (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer’s responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
 

 (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
 

 (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
 

 (2) the representation is not prohibited by law;
 

 (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
 

 (4) each affected client gives informed consent, confirmed in writing.
 

 [4]
 

 . Concerning other crimes, wrongs, or acts, LSA-C.E. art. 404(B)(1) provides:
 

 Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial
 
 *623
 
 for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
 

 [5]
 

 . LSA-C.Cr.P. Art. 332: Bail after conviction
 

 B.After conviction and before sentence, bail shall be allowed if the maximum sentence which may be imposed is imprisonment for five years or less. Bail may be allowed pending sentence if the maximum sentence which may be imposed is imprisonment exceeding five years, except when the court has reason to believe, based on competent evidence, that the release of the person convicted will pose a danger to any other person or the community, or that there is a substantial risk that the person convicted might flee.
 

 C. After sentence and until final judgment, bail shall be allowed if a sentence of five years or less is actually imposed. Bail may be allowed after sentence and until final judgment if the sentence actually imposed exceeds imprisonment for five years, except when the court has reason to believe, based on competent evidence, that the release of the person convicted will pose a danger to any other person or the community, or that there is a substantial risk that the person convicted might flee.
 

 D. In those instances above in which bail shall be allowed, the court shall consider whether the release of the person convicted or sentenced will pose a danger to any other person or the community in determining the amount of bail.