# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-1146


**STATE IN THE INTEREST OF**

**J.C.R.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OPELOUSAS CITY COURT
PARISH OF ST. LANDRY, NO. JV9886
HONORABLE VANESSA HARRIS, CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

## DAVID KENT SAVOIE
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, John E. Conery, and David Kent Savoie, Judges.


**ADJUDICATION AND DISPOSITION VACATED. REMANDED FOR FURTHER PROCEEDINGS.**

**Annette Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **J. C. R.**

**C.J. "Rusty" Ashley, II**
**Assistant District Attorney**
**P. O. Box 1999**
**Opelousas, LA 70571**
**(337) 948-2570**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **State of Louisiana**

**SAVOIE, Judge.**

On February 28, 2014, the State filed a petition alleging that the Juvenile, J.C.R., had violated La.R.S. 14:54.6, communication of false information regarding a planned bombing on school property.[1] Thus, the petition prayed that he be adjudicated a delinquent. On July 16, the adjudication hearing began in Opelousas City Court, and the second day of the hearing was July 24. The final day of the hearing was August 13.

On September 3, 2014, the court held a dispositional hearing and ordered the Juvenile to serve thirty-six months, suspended, with active supervised probation for twenty-four months and a number of special conditions, including an 8 p.m. curfew.

The Juvenile now seeks review by this court, assigning four errors. For the following reasons, J.C.R.'s adjudication and disposition is vacated and the case is remanded for further proceedings.[2]

## FACTS

On February 26, 2014, an Opelousas 911 operator received a telephone call that indicated there was a bomb at Opelousas Junior High School. One of the Juvenile's classmates testified that the Juvenile borrowed his phone on the day the bomb threat was made. The Juvenile took the phone into the school's locker room; when he returned it, its screen showed that it was in "emergency mode." Another classmate testified he was in the locker room and heard the Juvenile make the bomb threat.

---

[1] The Juvenile is referenced by use of initials per Uniform Rules-Courts of Appeal, Rule 5-2.

[2] It should be noted that we have reviewed the record for errors patent and find several, however, our ruling regarding the assignments of error render the errors patent moot.

# ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, the Juvenile argues the evidence adduced against him at the hearing below was insufficient to support his adjudication as a delinquent. The analysis for such claims is settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

We are unable to conduct the analysis, as video and audio exhibits played during the adjudication hearing were not entered into evidence and thus are not part of the record on appeal. The recordings were clearly important. Various witnesses were asked by the State to identify themselves and the Juvenile on the video recording or to identify his voice on the audio recording from 911. His parents testified that the voice on the 911 tape was not his. The supreme court has stated:

> Both this court and the United States Supreme Court have made clear that a criminal defendant has a right to a complete transcript of the trial proceedings, particularly where appellate counsel was not counsel at trial. *State v. Deruise*, 98-0541, p. 11 (La.4/3/01), 802 So.2d 1224, 1234, *cert. denied*, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001), *citing Hardy v. United States*, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964) and *State v. Robinson*, 387 So.2d

2

1143 (La.1980). The Louisiana State Constitution guarantees that "[n]o person shall be subjected to imprisonment ... without the right of judicial review based upon a complete record of all evidence upon which the judgment is based." LSA-La. Const. art. I § 19. Additionally, in all felony cases, the clerk or court stenographer shall record all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel. LSA-C.Cr.P. art. 843. The court reporter shall record all portions of the proceedings required by law and shall transcribe those portions of the trial proceedings required. LSA-R.S. 13:961(C).

Material omissions from the transcript of the proceedings at trial bearing on the merits of an appeal require reversal. *State v. Landry*, 97-0499 (La.6/29/99), 751 So.2d 214; *Robinson*, 387 So.2d at 1144. Although this court has found reversible error when material portions of the trial record were unavailable or incomplete, a "slight inaccuracy in a record or an inconsequential omission from it which is immaterial to a proper determination of the appeal" does not require reversal of a conviction. *State v. Brumfield*, 96-2667, pp. 14-16 (La.10/28/98), 737 So.2d 660, 669, *cert. denied*, 526 U.S. 1025, 119 S.Ct. 1267, 143 L.Ed.2d 362 (1999); *State v. Parker*, 361 So.2d 226, 227 (La.1978). A defendant is not entitled to relief because of an incomplete record absent a showing of prejudice based on the missing portions of the transcript. *State v. Castleberry*, 98-1388, p. 29 (La.4/13/99), 758 So.2d 749, 773, *cert. denied*, 528 U.S. 893, 120 S.Ct. 220, 145 L.Ed.2d 185 (1999); *State v. Hawkins*, 96-0766, p. 8 (La.1/14/97), 688 So.2d 473, 480.

*State v. Boatner*, 03-485, pp. 4-5 (La. 12/3/03), 861 So.2d 149, 152-53.

The supreme court has also stated:

[I]n *State v. Landry*, 97-0499 (La.6/29/99), 751 So.2d 214, a combination of loud construction noise at the courthouse and audio recording problems on the part of the court reporter rendered the record grossly incomplete in several respects, including the failure to record peremptory strikes and challenges for cause made at the bench. *Landry*, 97-0499 at 1-2, 751 So.2d at 215. This Court reversed the defendant's capital conviction and sentence and remanded for a new trial because the deficiencies deprived the defendant of his constitutional right of appeal and judicial review. *Landry*, 97-0499 at 4, 751 So.2d at 216. The Court thereby reaffirmed that "it is not the defendant's obligation to insure an adequate record . . . . it is the duty of the court . . . . to see that the court reporter makes a true, complete and accurate record of the trial." *Landry*, 97-0499 at 3, 751 So.2d at 216 (citing *American Bar Association Standards Relating to the Function of the Trial Judge*, § 2.5 (1972)).

3

In the present case, the trial court and not defense counsel had the duty to insure that the bench conferences involving jury selection were properly recorded because La.C.Cr.P. art. 795(B)(2) *required* that counsel for the state and defense exercise their peremptory challenges in side bar conferences out of the hearing of jurors, and further required that the court refrain from attributing the strikes to either side on the record when excusing the jurors. Counsel therefore could reasonably assume that the court had taken adequate steps to preserve the record of the side-bar conferences for appeal just as counsel could reasonably assume that the evidentiary portions of trial were also adequately recorded and preserved for review. Counsel could also reasonably assume that the court had discharged its correlative duty of insuring that the minutes of the proceedings would conform to the requirements for the lodging of appeals in criminal cases in the courts of appeal and this Court. . . .

*State v. Pinion*, 06-2346, pp. 9-10 (La. 10/26/07), 968 So.2d 131, 135.

It is not possible to perform a genuine sufficiency review without the video and audio recordings that were used at trial. Even if the city court could provide this court with the recordings, we could not review them because they were not entered into the record. Evidence outside the record may not be reviewed by appellate courts. *See, e.g., State v. Hilaire*, 216 La. 972, 45 So.2d 360 (1950).

Viewing the clear practical difficulty presented by the incomplete record in light of *Pinion*, *Landry*, and *Boatner*, the Juvenile's adjudication and disposition is vacated and the case is remanded for further proceedings.

**ASSIGNMENT OF ERROR NUMBER TWO**

In his second assignment of error, the Juvenile alleges that his trial counsel was ineffective for failing to seek relief in the city court due to the untimeliness of the adjudication hearing. Regarding ineffective assistance, a sister circuit has explained:

The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the U.S. Constitution. *State v. Wry*, 591 So.2d 774 (La.App. 2d Cir.1991). A claim of ineffectiveness of counsel is analyzed under the

4

two-prong test developed by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

To establish that his attorney was ineffective, the defendant first must show that counsel's performance was deficient. The assessment of an attorney's performance requires his conduct to be evaluated from counsel's perspective at the time of the occurrence. A reviewing court must give great deference to trial counsel's judgment, tactical decisions and trial strategy, strongly presuming he has exercised reasonable professional judgment. *State v. Moore*, 575 So.2d 928 (La.App. 2d Cir.1991).

Second, the defendant must show that counsel's deficient performance prejudiced his defense. This element requires defendant to establish that but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. *Strickland, supra*[.]

*State v. Kinsey*, 42,935, p. 9 (La.App. 2 Cir. 2/13/08), 976 So.2d 315, 320.

In his attempt to demonstrate trial counsel's ineffectiveness, the Juvenile cites La.Ch.Code art. 877:

A. When the child is charged with a crime of violence as defined in R.S. 14:2(B) and the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within sixty days of the appearance to answer the petition. In all other cases, if the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.

B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.

C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.

D. For good cause, the court may extend such period.

The Juvenile notes that he answered the petition on March 12, 2014, and he was released back to his parents, with electronic monitoring. The matter was set for hearing on April 23, but on that date, it was reset to July 16. On the latter date,

5

two witnesses testified, and the matter was recessed until July 24. More witnesses testified at the July hearing, then the matter was recessed until August 13; on this final date, the city court adjudicated the Juvenile a delinquent.

The Juvenile cites an opinion from this court which recognized a violation of La.Ch.Code 877 as an error patent:

> Commenting upon Article 877 of the Louisiana Children's Code, Justice Marcus, writing for the majority, stated:
>
> > [T]he Children's Code builds in a mechanism in La.Ch.Code art. 877(D) for the state to obtain an extension of the time limits to commence the adjudication hearing by making a showing of good cause. Under this article, there is no need for the state to dismiss and then justify its refiling *after* the period has run; rather, **it is incumbent on the state to make a showing of good cause and obtain an extension before the period has run**. In the event that a good cause extension is not granted and the period runs out, the state may not refile its petition. Otherwise, the good cause requirement of La.Ch.Code art. 877(D) would be rendered meaningless, since the state could always circumvent an adverse decision by simply dismissing and refiling the petition.
>
> *State in Interest of R.D.C., Jr.*, 93-1865 (La. 2/28/94), 632 So.2d 745,748 (bold emphasis added) (footnote omitted).
>
> As provided in La.Ch.Code art. 107, "[t]he word 'shall' is mandatory, and the word 'may' is permissive." *See e.g., State ex rel. L.A.*, 09-1029, 09-1030 (La.App. 4 Cir. 12/9/09), 28 So.3d 515. Accordingly, from our review of the pleadings and the proceedings in the record before us, K.E.C.'s adjudication hearing was required under La.Ch.Code art. 877 to have commenced within ninety days of January 5, 2010, because K.E.C. was not continued in custody. It was actually set for and took place on April 27, 2010, one hundred eleven days after he appeared to answer the petition, twenty-one days in excess of the ninety-day limitation. Moreover, the record further shows that at no time prior to the expiration of the period in which the State was required to commence the adjudication hearing did it seek to extend the period.
>
> Having found that the State failed to seek an extension on the grounds of good cause *before* the period for commencing adjudication ran, we find it readily apparent on the face of the record that the

adjudication hearing was not timely commenced as mandated in La.Ch.Code art. 877. Therefore, under the holding of *State in Interest of R.D.C., Jr.*, 632 So.2d at 749, particularly its determination that "La.Ch.Code art. 877 sets out mandatory time limits within which the adjudicatory hearing must be commenced," we are compelled to reverse, vacate, and set aside the trial court's adjudication of K.E.C. as delinquent, together with its dispositional ruling, and dismiss the petition against K.E.C.

*State ex rel. K.E.C.,* 10-953, pp. 4-5 (La.App. 3 Cir. 12/8/10), 54 So.3d 735, 738-39 (footnotes omitted).

As the Juvenile observes, the record does not show that the State made any attempt to show good cause or that the city court found that good cause existed to extend the period for holding the adjudication hearing. However, defense counsel acknowledges having contacted the city court clerk's office for clarification of the record. Counsel states the deputy clerk verbally informed her that the hearing was reset from April 23 because a State witness was not present for the hearing because he was in Youth Challenge. The deputy clerk also informed counsel that the reason the hearing was held on three separate dates was due to unavailability of witnesses.

As the deputy clerk's statements to appellate counsel are outside the record, the city court is ordered to hold a hearing to clarify whether the original adjudication complied with La.Ch.Code 877. If it did not, then the petition must be dismissed and cannot be re-filed, as shown by the jurisprudence already discussed.

In light of the foregoing, the two remaining assignments need not be discussed.

7

**DECREE**

As key exhibits from the adjudication hearing were not entered into the record, the sufficiency of the evidence claim cannot be properly reviewed. Therefore, J.C.R.'s adjudication and disposition is vacated and the case is remanded for further proceedings. Further, the city court is ordered to hold a hearing to clarify whether the original adjudication hearing complied with La.Ch.Code art. 877. If it did not, then the petition must be dismissed and cannot be re-filed.

**ADJUDICATION AND DISPOSITION VACATED. REMANDED FOR FURTHER PROCEEDINGS.**