# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-831


**STATE OF LOUISIANA**

**VERSUS**

**DARIAN SPEARS**


**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 141,125
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Elizabeth A. Pickett, Judges.

### CONVICTION AND SENTENCE VACATED; CASE REMANDED FOR FURTHER PROCEEDINGS.

**Norris J. Greenhouse**
**Assistant District Attorney**
**Twelfth Judicial District Court**
**P. O. Box 1200**
**Marksville, LA 71351**
**(318) 253-6394**
**Counsel for Appellee:**
    **State of Louisiana**

**Annette Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**Counsel for Defendant/Appellant:**
    **Darian Spears**

**DECUIR, Judge.**

Defendant, Darian Spears, was charged with armed robbery, a violation of La.R.S. 14:64. Defendant's motion to suppress a statement he had given to police was denied. A jury heard evidence and found Defendant guilty as charged. The court denied Defendant's motion for new trial and sentenced Defendant to ten years at hard labor. The Defendant appeals his conviction and sentence arguing seven assignments of error.

## FACTS

It is alleged that on July 8, 2007, the Defendant pointed a handgun at Keith Roy and took one-hundred and seventy dollars in cash from him during a dice game. Local police quickly picked up Defendant and a friend of his and put each of them in a separate unit. Police then had Roy approach each unit. An officer pointed out Defendant's friend first, but Roy informed the officer that person was not the robber. The officer then pointed out Defendant, and the victim identified him as the perpetrator.

## DEFICIENT RECORD

In this assignment, Defendant argues the record is so deficient in some areas that it deprives him of his right to appeal. He observes that many portions of the voir dire transcript refer to individual venire members as "prospective juror" rather than by name. Also, a number of the comments and statements made throughout the voir dire are listed as "inaudible." Further, the contents of various bench conferences are not recorded. Defendant also complains that portions of the victim's testimony and portions of the transcription of his confession are listed as "inaudible."

Further, he notes the record is unclear whether he used all of his peremptory challenges during voir dire. The minutes indicate Defendant used only eleven of his

peremptory challenges. However, at the hearing on his motion for new trial, he stated that he had used all of his peremptories, and neither the State nor the trial court contradicted him. The voir dire transcripts (original and supplemental/amended) do not provide any information regarding the parties' peremptory challenges, but the jury strike sheets show Defendant used all of his peremptory challenges.

Defendant also alleges inadequacies in various bench conferences, both during voir dire and during trial. Defendant cites *State v. Pinion*, 06-2346 (La. 10/26/07), 968 So.2d 131, in which the supreme court reversed the defendant's conviction. In *Pinion*, bench conferences during the voir dire were unrecorded, the record was unclear when peremptory strikes and challenge for cause were made, or which party made them. The supreme court held that the unclear record of the jury selection process required reversal due to the uncertainty regarding the cause-based challenges. *Id*.

The supreme court also stated that the contents of the bench conferences should have been recorded in accordance with La.Code Crim.P. art. 843. Further, the *Pinion* court stated the trial court, rather than defense counsel, bore the ultimate responsibility for ensuring the bench conferences were recorded, since La.Code Crim.P. art. 795(B)(2) requires that peremptory challenges be made in side bar conferences. *Id.*

The State cites *State v. Campbell*, 06-286 (La. 5/21/08), 983 So.2d 810, *cert. denied*, __ U.S. __, 129 S.Ct. 607 (2008), in which the supreme court denied relief to a defendant who claimed he was prejudiced by omissions from the transcript of the voir dire. *Campbell* is easily distinguishable from *Pinion*. The *Campbell* opinion clearly contains more detail than was available in *Pinion*, as the former includes

2

detailed discussions of the voir dire examinations of various named jurors or potential jurors. *Id.*

In the present case, in many record entries, the individual venire member speaking is named only as "Potential Juror." On July 28, Defendant filed a Motion for Supplementation of Record and for Suspension of Briefing Delays, noting the many entries of "inaudible" in the record, and the unrecorded bench conferences. This court granted the motion, and ordered the court reporter to transcribe all bench conferences, attempt to clarify the inaudible responses in the record, and attempt to identify the venire member or members identified as "potential juror" in the original record. On August 22, this court received a supplemental record containing new transcripts of the voir dire and the trial. In an affidavit, the court reporter affirmed her attempts to clarify the "inaudible" responses, but noted there was no way to identify potential jurors who were not named in open court.

Jury strike sheets received from the district court show that Defendant used all of his peremptory strikes. Therefore, he may seek review of the denial of his challenges for cause on appeal. The strike sheets also list which venire members were challenged for cause. However, they do not show which party made each individual challenge, and do not list the reasons for any challenge.

Although trial counsel sought and obtained a copy of the voir dire transcript, and argued possible bias by the jury foreman in his motion for new trial, he did not raise any issue regarding the challenges made during voir dire. However, this does not preclude Defendant from raising such issues on appeal, either through counsel or pro se. The *Pinion* court explained:

> In jury selection, counsel satisfies the requirements of Louisiana's contemporaneous objection rule by stating his grounds for a cause

3

challenge and then by removing the juror with one of his remaining peremptory challenges when the court declines to excuse the juror for cause. La.C.Cr.P. art. 841 ('It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take ... and the grounds therefor.').

*Pinion*, 968 So.2d at 136.

The difficulty in this case, as in *Pinion*, is the fact that the discussions of the jury challenges do not appear in the record. We find the record does not contain enough information for Defendant to effectively challenge the denials of his challenges for cause. As a practical matter, a careful reading of the revised transcript of voir dire enables a reader to identify at least some of the unnamed prospective jurors. However, any attempt at argument or review would require identification of Defendant's unrecorded causal challenges, and reconstruction of both the reasons supporting them and the reasons for the trial court's denial of them. Any such attempt would venture into the realm of mere speculation. As the current record is insufficient for practical review of the denials of Defendant's challenges for cause, Defendant's conviction and sentence are vacated and the case remanded for new trial, pursuant to *Pinion*.

Because our resolution of this assignment is dispositive, we pretermit the discussion of all other matters.

## DECREE

Defendant's conviction and sentence are vacated due to the incomplete record of the voir dire process. The case is remanded for further proceedings.

**CONVICTION AND SENTENCE VACATED; CASE REMANDED FOR FURTHER PROCEEDINGS.**

4