STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-204

STATE OF LOUISIANA

VERSUS

JODY D. HAMILTON

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C16173
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Phyllis M. Keaty, Judges.

Amy, J., dissents and assigns reasons.

CONVICTIONS VACATED; SENTENCES VACATED; REMANDED.

Van Hardin Kyzar
District Attorney
R. Stuart Wright
Assistant District Attorney
Post Office Box 838
Natchitoches, Louisiana 71458-0838
(318) 357-2214
Counsel forAppellee:
      State of Louisiana

**Annette Fuller Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, Louisiana  70602-1747**
**(337) 436-2900**
**Counsel for Defendant/Appellant:**
         **Jody D. Hamilton**

**Jody D. Hamilton**
**In Proper Person**
**Louisiana State Penitentiary**
**Camp C Tiger Unit 4-Right**
**Angola, Louisiana  70712**
**Defendant**

**KEATY, Judge.**

Defendant appeals his convictions of second degree murder and attempted second degree murder. The State answers the appeal. For the following reasons, we vacate and remand.

## FACTS AND PROCEDURAL BACKGROUND

Defendant, Jody D. Hamilton, entered into a plan with Demarcus Law and Edward Paige to steal drugs from someone else. On December 12, 2009, Defendant and Law went to the residence where the drugs were located, and Law kicked in the door. Defendant then shot Dakaria Williams, who was in the living room, in the leg. Law proceeded to the kitchen where Paige and Shamichael Berryman were and began shooting. Defendant shot Williams several more times but did not enter the residence. When leaving the residence, Law noticed Williams was still moving and shot him in the face. Berryman was shot six times and died as a result of his injuries. Williams, who had been shot at least nine times, survived.

Defendant was charged in an indictment with one count of second degree murder, a violation of La.R.S. 14:30.1, and one count of attempted second degree murder, a violation of La.R.S. 14:30.1 and La.R.S. 14:27. Defendant entered a plea of not guilty, and this matter proceeded to trial by jury on September 19, 2011. The jury found Defendant guilty as charged, and the trial court later sentenced him as follows: life imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence, for second degree murder; fifty years at hard labor for attempted second degree murder, with eighty percent of that sentence to be served without benefit of parole. The trial court ordered the sentences to run consecutively. A motion for appeal was filed on the same date Defendant was sentenced and was subsequently granted.

Defendant is now before this court asserting four assignments of error. Therein, he contends that the trial court erred in denying challenges for cause of potential jurors; he was denied the right to full review on appeal because the record was incomplete; the jury instructions incorrectly included the phrase "or to inflict great bodily harm" within the attempted second degree murder charge; and the trial court erred in admitting two firearms into evidence because the weapons were not connected to him. For the following reasons, we find that Defendant's assignment of error regarding an incomplete record has merit which warrants his convictions and sentences be vacated.

## DISCUSSION

In his second assignment of error, Defendant contends that he was denied the right to full review on appeal as the record was incomplete. Defendant asserts that during jury selection, the judge and attorneys discussed the challenges raised by both sides in chambers, but those discussions were not recorded. He argues that the off-the-record discussions with regard to the use of all challenges, both peremptory and for cause, would add additional support to the arguments raised in his first assignment of error regarding challenges for cause.[1]

The State asserts that, despite Defendant's argument that there may have been other prospective jurors the trial court should have excused for cause, Defendant objected to only four prospective jurors. The State argues that the only conclusion that can be derived from Defendant's failure to object to the trial court's rulings on other prospective jurors is that Defendant had no objections to the trial court's rulings regarding any other prospective jurors. The State further argues that the failure to record the conferences held in chambers in no way

---

[1] In his first assignment of error, Defendant contends the trial court erred in denying challenges for cause of potential jurors, depriving him of his constitutional right to a fair and impartial jury.

2

prejudiced Defendant. In a footnote, the State asserts that jury strike sheets are normally made a part of the record. However, according to the State, the strike sheet in the case at bar remains in the judge's possession. The State contends that defense counsel and counsel for the State agreed that any objections to the jury selection process would be put on the record, out of the presence of the jury, at the conclusion of jury selection.[2]

The State relies on La.Code Crim.P. art. 800, which states, in pertinent part: "A defendant may not assign as error a ruling refusing to sustain a challenge for cause made by him, unless an objection thereto is made at the time of the ruling. The nature of the objection and grounds therefor shall be stated at the time of objection." The State contends that the trial court complied with this article, with the exception that objections were placed on the record, by agreement of the parties, after the jury was selected. The State also contends that, unless a defendant objects to the overall selection process, that process is not required to be recorded. The State further contends that Defendant has not provided any authority mandating that the information at issue be recorded.

In his reply brief, Defendant asserts the State has attempted to shift the burden to the defense to insure a proper recording of the proceedings. However, in accordance with *State v. Pinion*, 06-2346 (La. 10/26/07), 968 So.2d 131, it is the responsibility of the trial court to insure an adequate recording of the proceedings. Additionally, Defendant argues that the State's assertion that because he objected to only four prospective jurors he cannot raise argument as to any other prospective jurors ignores Defendant's assertion that it is necessary to know the peremptory and cause challenges raised by each side in order to determine whether the failure to record the in-chambers conferences was harmless.

---

[2] Despite the State's contention, such an agreement does not appear in the record.

3

In *Pinion*, the supreme court noted that the questioning of all jury panels by the State, defense, and the trial court appeared to have been completely recorded and transcribed. However, the State and defense exercised their cause and peremptory challenges during bench conferences, and the recordings of those conferences were garbled. As a result, many of the challenges by the parties were "lost in a haze of 'inaudible' responses." *Pinion*, 968 So.2d at 132. Further, the minute entries regarding jury selection identified by name all of the prospective jurors called for examination and recorded which jurors had been selected on the panel. However, the minutes failed to record which side excused the remaining jurors.

In *Pinion,* the first circuit found the defendant claimed he was unable to show prejudice because of an inadequate transcript. However, because the defendant did not object to the general composition of the jury, he failed to make the required showing of prejudice based on the missing portion of the transcript. The supreme court granted the defendant's writ application and reversed the decision of the first circuit because it was possible to reconstruct portions of what transpired during the bench conferences and to determine with a reasonable degree of certainty that defendant's appeal was in fact prejudiced by the inadequate record.

In its opinion, the supreme court stated:

> This Court has never articulated a per se rule either requiring the recording of bench conferences or exempting them from the scope of La.C.Cr.P. art. 843, which requires in felony cases the recording not only of the evidentiary portions of trial but also of "the examination of prospective jurors . . . and objections, questions, statements, and arguments of counsel." *State v. Hoffman*, 98-3118, p. 50 (La.4/11/00), 768 So.2d 542, 586. The Court has instead conducted a case-specific inquiry to determine whether the failure to record the conferences results in actual prejudice to the defendant's appeal. As a general rule, the failure of the record to reflect the argument of counsel on objections, even when made in open court, does not affect a defendant's appeal because it does not hinder adequate review of the trial court's ruling. *State v. Johnson*, 438 So.2d 1091, 1104 (La.1983).

4

Thus, the failure to record bench conferences will ordinarily not affect the direct review process when the record suggests that the unrecorded bench conferences had no discernible impact on the proceedings and did not result in any specific prejudice to the defendant. *See, e.g., Hoffman,* 98-3118 at 50-51, 768 So.2d at 587 (trial court cured any record problems "by summarizing substantive unrecorded conferences for the record"); *State v. Castleberry*, 98-1388, pp. 28-29 (La.4/13/99), 758 So.2d 749, 773 (three unrecorded bench conferences during direct examination of state witnesses had no discernible impact on the proceedings and the fourth concerned a mistrial motion by defense counsel, the basis of which was "easily ascertainable from the record" without regard to the unrecorded side-bar discussion); *State v. Deruise*, 98-0541, pp. 9-15 (La.4/3/01), 802 So.2d 1224, 1233-37 (failure to record bench conferences in which the prosecutor and defense counsel made their peremptory and cause challenges did not prejudice the appeal when the jury strike sheet was available for review and detailed the exercise of peremptory challenges by both sides and when the transcript of the voir dire revealed a substantial basis for denying a defense cause to the juror, even assuming that the challenge had been made but not preserved in the record; remaining unrecorded bench conferences involved evidentiary matters that were otherwise addressed in the appeal, or involved matters of no discernible impact for which the defendant failed to demonstrate prejudice); *State v. Allen*, 95-1754, p. 11 (La.9/5/96), 682 So.2d 713, 722 (failure to record arguments at the bench concerning some of the defense peremptory challenges harmless when challenges for cause and arguments on the challenges were fully transcribed in the record and the minutes clearly reflected which jurors had been excused peremptorily and whether the state or defense had exercised the challenge).

On the other hand, in *State v. Landry*, 97-0499 (La.6/29/99), 751 So.2d 214, a combination of loud construction noise at the courthouse and audio recording problems on the part of the court reporter rendered the record grossly incomplete in several respects, including the failure to record peremptory strikes and challenges for cause made at the bench. *Landry*, 97-0499 at 1-2, 751 So.2d at 215. This Court reversed the defendant's capital conviction and sentence and remanded for a new trial because the deficiencies deprived the defendant of his constitutional right of appeal and judicial review. *Landry*, 97-0499 at 4, 751 So.2d at 216. The Court thereby reaffirmed that "it is not the defendant's obligation to insure an adequate record . . . . it is the duty of the court . . . . to see that the court reporter makes a true, complete and accurate record of the trial." *Landry*, 97-0499 at 3, 751 So.2d at 216 (citing *American Bar Association Standards Relating to the Function of the Trial Judge*, § 2.5 (1972)).

*Pinion*, 968 So.2d at 134-35.

Following this discussion, the supreme court examined the jury selection process and concluded that in light of the requirement of La.Code Crim.P. art. 795(B)(2), which requires that challenges be made in side bar conferences out of the hearing of the jurors, the defense could have reasonably "assume[d] that the court had discharged its correlative duty of insuring that the minutes of the proceedings would conform to the requirements for the lodging of appeals in criminal cases." *Id.* at 135. The supreme court concluded that:

> [B]ench conferences are a material part of the proceedings for purposes of La.C.Cr.P. art. 843 and their omission from the present case, given the reasonable likelihood that counsel exhausted his peremptory challenges, the uncertainty with respect to how many cause challenges the defense made unsuccessfully, and the absence of other contemporaneous records accounting for the selection process, e.g., adequate minutes or jury strike sheets, requires reversal of defendant's conviction and sentence.

*Id.* at 136. The supreme court then vacated the defendant's conviction and sentence and remanded the matter to the trial court for further proceedings. *Id.*

In *State v. Williams*, 06-1327 (La.App. 4 Cir. 1/23/08), 977 So.2d 160, *writ denied*, 08-413 (La. 10/24/08), 992 So.2d 1033, the defendant argued that his right to full appellate review was impinged because the in-chambers portion of voir dire, where he raised challenges for cause, was not available. The fourth circuit noted that appellate counsel, who was not counsel at trial, raised no argument as to any specific juror who should not have been seated. *Id.*

The fourth circuit ruled as follows:

> Here, unlike in *Pinion* but as in *Deruise*, the record contains detailed jury sheets that indicate the peremptory strikes for each party as well as those jurors who were excused for cause. In addition, as in *Deruise*, the transcript of voir dire includes the questioning of each prospective juror, from which it can be determined if there was a basis for any challenges for cause that the defense may have brought and may have been denied by the trial court, thereby causing the defense to exercise a peremptory challenge for a juror. A reading of the transcript of voir dire shows that there was no basis to excuse for cause any of the jurors who ultimately served on the jury or those whom the appellant

had to excuse peremptorily. Thus, as in *Deruise*, the appellant cannot show prejudice from the loss of the in-chambers portions of the voir dire where the defense may have challenged any of these jurors for cause because there was no basis for granting a challenge for cause as to any of the jurors who sat at trial or whom the defense peremptorily excused. Because the appellant cannot show prejudice from the lack of the transcript of these in-chambers conferences, he is not entitled to a new trial on this basis.

*Id*. at 176.

In *State v. Campbell*, 06-286 (La. 5/21/08), 983 So.2d 810, *cert. denied*, 555 U.S. 1040 (2008), the defendant claimed that the transcript of numerous court appearances, hearings, and bench conferences were omitted from the appellate record. He also suggested that record omissions during voir dire rendered it difficult to establish the viability of cause challenges.

The supreme court addressed the issue stating:

In *Landry*, this Court reversed a conviction and death sentence because the appellate record was so deficient that the Court could not properly review the case for error. *Landry*, 1997-0499, pp. 1-4, 751 So.2d at 214-16. Even though this Court has found reversible error when material portions of the trial record were unavailable or incomplete, a "slight inaccuracy in a record or an inconsequential omission from it which is immaterial to a proper determination of the appeal" does not require reversal of a conviction. [*State v.*] *Draughn*, 2005-1825 p. 63 [(La. 1/17/07)], 950 So.2d [583] at 625; *State v. Castleberry,* 1998-1388 p. 29 (La.4/13/99), 758 So.2d 749, 773, *cert. denied,* 528 U.S. 893, 120 S.Ct. 220, 145 L.Ed.2d 185 (1999), quoting *State v. Allen*, 1995-1754 (La.9/5/96), 682 So.2d 713 (internal citation omitted). An incomplete record may be adequate for appellate review. *Castleberry*, 1998-1388 p. 29, 758 So.2d at 773; *State v. Hawkins*, 1996-0766 p. 8 (La.1/14/97), 688 So.2d 473, 480. A defendant will not be entitled to relief on the basis of an incomplete record absent a showing that he was prejudiced by the missing portions of the record. *Id*.

Defense counsel contends that the fact that the defendant represented himself at trial, coupled with the issues raised regarding the defendant's competency, necessitate a complete and accurate record since the defendant lacks the ability to provide important information to his appellate counsel. However, the defense offers no suggestion or argument that the defendant was prejudiced by the record omissions.

. . . .

7

With regard to the transcription of the voir dire proceedings, we found no difficulty in determining the appropriateness of the cause challenges, which were the issues raised by the defendant on appeal.

*Id*. at 872-74.

In *State v. Spears*, 08-831 (La.App. 3 Cir. 3/4/09), 8 So.3d 119, the defendant argued the record was so deficient in some areas that it deprived him of his right to appeal. Many portions of the voir dire transcript referred to individual venire members as "potential juror" rather than by name. *Id*. at 121. Additionally, a number of the comments and statements made throughout voir dire were listed as "inaudible." *Id*.

Jury strike sheets received by this court in *Spears* indicated the defendant used all of his peremptory strikes. The sheets listed which venire members were challenged for cause but did not show the party making the individual challenges and the reasons for any challenge. This court noted that the defendant did not raise any issue regarding the challenges made during voir dire. This court further stated:

The difficulty in this case, as in *Pinion*, is the fact that the discussions of the jury challenges do not appear in the record. We find the record does not contain enough information for Defendant to effectively challenge the denials of his challenges for cause. As a practical matter, a careful reading of the revised transcript of voir dire enables a reader to identify at least some of the unnamed prospective jurors. However, any attempt at argument or review would require identification of Defendant's unrecorded causal challenges, and reconstruction of both the reasons supporting them and the reasons for the trial court's denial of them. Any such attempt would venture into the realm of mere speculation. As the current record is insufficient for practical review of the denials of Defendant's challenges for cause, Defendant's conviction and sentence are vacated and the case remanded for new trial, pursuant to *Pinion*.

*Id*. at 122.³

---

³ In *Spears*, 8 So.3d 119, this court stated that *Campbell*, 983 So.2d 810, was easily distinguishable from *Pinion*, 968 So.2d 131, as the *Campbell* opinion, "clearly contains more detail than was available in *Pinion*, as the former includes detailed discussions of the voir dire examinations of various named jurors or potential jurors." *Id*. at 121. The assertion that *Campbell* contained more detail is incorrect, as the court in *Pinion* stated that questioning of all

8

In *State v. L.W.*, 11-904 (La.App. 3 Cir. 6/6/12), __So.3d__, the defendant alleged that the record was deficient because neither the transcript nor the minutes of voir dire contained either party's challenges for cause or peremptory challenges as to any of the prospective jurors. The record contained the entire colloquy between the trial court, the attorneys, and prospective jurors, and the identity of the prospective jurors was readily apparent. Several bench conferences during voir dire, however, were not recorded. This court noted that the voir dire transcript indicated that forty-one prospective jurors were called, eight of which were excused by the trial court for cause with reasons stated. Nineteen of the prospective jurors were excused following bench conferences. Neither the transcript nor minutes of voir dire indicated which party made the challenges, the grounds for the challenges, or the trial court's reasons for its rulings. Additionally, the minutes did not detail any peremptory challenges, only that certain jurors were challenged for cause, excused for cause, or excused.

This court found:

> Unlike the facts before this court in *Spears*, 8 So.3d 119, the voir dire transcript contains detailed discussion of the voir dire examinations, including all of the questions posed by the trial court and parties and the responses of the each prospective juror. Additionally, the defendant does not identify a specific juror or jurors who should not have been seated based on the information available in the voir dire transcript. Accordingly, we find the defendant has not established he was prejudiced by the missing transcriptions of bench conferences during voir dire.

*Id*. at 14.

The case at bar is like *Pinion*, 968 So.2d 131, in that there is a transcript of voir dire, but that transcript does not include the in-chambers discussions regarding the exercise of cause and peremptory challenges, and the minute entries do not

---

three panels by the State, defense, and trial court appeared to have been completely recorded and transcribed. *Pinion*, 968 So.2d at 132.

indicate which side excused the prospective jurors and why. Additionally, the record indicates that Defendant used all twelve of his peremptory challenges. Despite the fact that there was an objection to the denial of four challenges for cause asserted by Defendant, the record is uncertain as to exactly how many cause challenges Defendant made unsuccessfully. Based on *Pinion*, we find that the Defendant's convictions and sentences should be vacated and the matter remanded for further proceedings.

This case is distinguishable from *Campbell*, 983 So.2d 810, because Defendant in the case at bar has alleged that the record omissions would add additional support to the arguments raised in the assignment of error regarding the challenges for cause and show a possible pattern of disparate treatment. In contrast, the defendant in *Campbell* offered no suggestion or argument that he was prejudiced by the record omissions.

The case at bar is also distinguishable from *Williams*, 977 So.2d 160, as the record at issue does not indicate which jurors were challenged for cause, other than the four jurors defense counsel addressed at the completion of jury selection, or peremptorily struck. Further, a reading of the transcript of voir dire cannot show there was no basis to excuse for cause any of the jurors who ultimately served on the jury or those whom Defendant had to excuse peremptorily, as one cannot ascertain who was peremptory excluded. Such a determination would call for speculation, which this court disapproved of in *Spears*, 8 So.3d 119.

This case is also similar to *L.W.*, __So.3d__, in that the instant record contains a complete transcript of voir dire, and Defendant fails to identify a specific juror or jurors who should not have been seated based on the information available in the transcript of voir dire. However, this case is distinguishable from *L.W.* in that Defendant in the case at bar makes some argument regarding the

unrecorded bench conferences and the defendant in *L.W.* merely claimed his right to appeal based on a complete record of all evidence upon which the judgment was based was violated.

Based on the supreme court's decision in *Pinion*, 968 So.2d 131, Defendant's claim has merit; thus, his convictions and sentences will be vacated and the matter remanded to the trial court for further proceedings. In light of the foregoing ruling, this court need not address any of Defendant's other assignments of error.

### DECREE

For the foregoing reasons, we vacate Defendant's convictions of second degree murder and attempted second degree murder. We further vacate the sentences imposed upon Defendant arising out of those convictions. This matter is remanded to the trial court for further proceedings.

**CONVICTIONS VACATED; SENTENCES VACATED; REMANDED.**

NUMBER 12-204

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

JODY D. HAMILTON

AMY, J., dissenting.

I respectfully dissent from the majority's determination to vacate the defendant's convictions and sentences. Certainly, it is the trial court's duty to see that the court reporter makes a true, complete and accurate record of the trial. *State v. Pinion*, 06-2346 (La. 10/26/07), 968 So.2d 131. However, in this case, the voir dire transcript contained within the record permits a review of the appropriateness of the trial court's denials of the defendant's challenges for cause. *State v. Campbell*, 06-0286 (La. 5/21/08), 983 So.2d 810, *cert. denied*, 555 U.S. 1040, 129 S.Ct. 607 (2008). In this light, and given that the defendant's contention that the cited omissions from the record would reveal a possible pattern of disparate treatment is only speculative in nature, I find that a reversal is not required.

For this reason, I respectfully dissent.