PER CURIAM.
|TGranted. The decision of the court of appeal in State v. Hamilton, 12-204 (La.App. 3 Cir. 11/7/12), 103 So.3d 705, is vacated and this case is remanded for further consideration. The court of appeal is directed to supplement the record with the jury strike sheet which the state requested in its application for rehearing, and to reconsider defendant’s assignments of error relating to denial of his cause challenges by the trial judge and denial of his right to full review on appeal because of the incomplete record.
In its original brief on appeal, the state took the position, to which the dissent ultimately subscribed, id., 12-204 at 1, 103 So.3d at 713 (Amy, J., dissenting), that the court of appeal could resolve defendant’s claims regarding jury selection on the basis of the full transcript of voir dire examination, not made part of the original appellate record but filed evidently in response to a motion to supplement made by defendant. The state further noted, however, that the trial judge had in fact maintained the jury strike sheet in his trial binder and that the sheet was therefore readily available if the court of appeal determined it was necessary to identify and review the peremptory challenges made by both the State Land the defense, and all challenges for cause, to address defendant’s assignments of error. The state thus timely brought the matter to the court of appeal’s attention before the court considered the case and rendered a decision. It appears from the affidavit accompanying the state’s application for rehearing that the jury strike sheet exists, that the district court personnel have access to it, although the sheet had been omitted inadvertently from the original record on appeal, and that it is immediately available for review by the court of appeal if requested.
An appellate court possesses the inherent discretion to order supplementation of the record on appeal with additional portions of the record in the district court, particularly when supplementation will conform the record to the court’s own rules. See Uniform Rules — Courts of Appeal, Rule 2-1.5 (record on appeal in a criminal case shall include a list of peremptory and cause challenges and petit jurors selected); cf. La.S.Ct. Rule 1, § 6(b) (same). An appellate court should exercise that discretion in light of its express authority conferred by La.C.Cr.P. art. 914.1 to order additional portions of the record below “which it feels are necessary for full and fair review of the assignments of errors.”